UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTON ANDREYEVICH IAGOUNOV,<br><br>Defendant. | No. 2:24-cr-00101-DJC<br><br><br><br>ORDER |

Defendant Anton Andreyevich Iagounov has filed several motions presently before the Court. These include a Motion for Transfer to a Federal Institution (ECF No. 87), a Motion requesting "discovery for items seized by the FBI" (ECF No. 103), and a Motion entitled "Miranda Motion" (ECF No. 109).[1] The Court addresses each of these motions in turn.

Defendant's first motion requests transfer to federal custody as he has been held in "non-federal" custody after sentencing where he has been ". . . deprived of [his] medical and religious right to medical 'cannabis' and 'psilocybin mushrooms' ('magic mushrooms') . . . ." (ECF No. 103 at 1.) Defendant's Motion is denied. The Bureau of Prisons is authorized under 18 U.S.C. § 3621 to designate the place of a

---

[1] Defendant has also filed a Habeas Petition under 28 U.S.C. § 2241 which, pursuant to the Local Rules in this district, has been assigned to a Magistrate Judge. *See Iagounov v. Federal Bureau of Prisons*, 2:25-cv-01436-AC. This order has no effect on the habeas action and shall not serve as a bar to any arguments raised by Defendant in that action.

prisoner's imprisonment.  This statute expressly permits the Bureau to designate penal and correctional facilities "whether maintained by the Federal Government or otherwise . . . ."  18 U.S.C. § 3621(b).  To this end, Congress has passed legislation allowing the Attorney General to contract with states to house federal prisoners in state prisons.  *See* 18 U.S.C. § 4002.  Thus, the Bureau may lawfully designate the place of Defendant's incarceration as a state prison.  Defendant is not entitled to housing in a particular institution for the duration of his incarceration.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).  Additionally, Defendant has no right to use cannabis – whether medically prescribed or otherwise – or other drugs while in federal custody.  Accordingly, Defendant's Motion for Transfer to a Federal Institution (ECF No. 87) is denied.

Defendant's second motion is a discovery motion seeking "discovery for items seized by the FBI and listed in the property receipt, and which the USAO did not provide defense with before trial[.]"  (ECF No. 103 at 1.)  This motion is denied as untimely.  This case already proceeded to trial and Defendant was sentenced on February 6, 2025.  Defendant's Motion, filed over two months after sentencing, is well past the deadline to file post-trial motions – let alone discovery motions – absent newly discovered evidence.  *See* Fed. R. Crim. P. 29(c)(1), 33(b)(2).  As such, Defendant's Motion for Discovery (ECF No. 103) is denied.

Defendant's final motion, titled "Miranda Motion", requests that the Court vacate his sentence based on Defendant's assertion that he was not given a *Miranda* warning prior to his arrest.  (ECF No. 109.)  Again, Defendant's argument constitutes a motion that is not properly made post-trial unless it concerns information that was subject to recent discovery.  Defendant's "Miranda Motion" (ECF No. 109) is thus denied.

////

////

////

1    In accordance with the above, IT IS HEREBY ORDERED that Defendant's
2 Motions (ECF Nos. 87, 103, 109) are DENIED.

   IT IS SO ORDERED.

Dated:  **June 5, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3