UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cr-00101-DJC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| ANTON ANDREYEVICH IAGOUNOV, | |
| Defendant. | |

Defendant Anton Andreyevich Iagounov has filed three motions presently before the Court. The first is a motion under Federal Rule of Criminal Procedure 36 to "correct" Defendant's sentence. (ECF No. 112.) "Rule 36 is a vehicle for correcting <u>clerical</u> mistakes but it may not be used to correct judicial errors in sentencing." *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) (emphasis original). Defendant's Motion under Rule 36 asks that the Court vacate his sentence on the basis that the criminal complaint in his case was transmitted electronically and "has never been 'verified' as authentic." (*Id.* at 4.) Defendant's Motion does not seek to correct a clerical mistake and thus is not a valid basis for a Motion under Rule 36. As such, Defendant's Rule 36 Motion is denied.

Defendant's Second Motion is entitled "Motion to Modify Imposed Term of Imprisonment" and seeks a reduction in sentence specifically on the basis of "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No.

1

113 at 1.) Under 18 U.S.C. § 3582(c)(1)(A)(i), District Courts may modify a term of imprisonment where there are "extraordinary and compelling reasons warrant such a reduction[.]" Defendant has not established extraordinary or compelling reasons to warrant a reduction in his term of imprisonment. Defendant's Motion claims that his custody points were miscalculated, and he was placed in a medium security facility due to the Bureau of Prisons failing to verify his GED and prior work experience. The Bureau of Prisons has wide discretion to determine classification under 18 U.S.C. § 4081. In most cases, district courts lack jurisdiction to consider challenges to BOP classification decisions on habeas review. *See Strausbaugh v. Shartle*, No. 15-cv-00398-TUC-JAS, 2017 WL 3017135, at *3 (D. Ariz. April 11, 2017) (collecting cases). Defendant's unsupported contention that BOP miscalculated his classification certainly does not constitute extraordinary and compelling reasons for reduction.

      Defendant also argues for a reduction based on claims that the U.S. Attorney's Office retaliated against him based on their argument as to Defendant's criminal history category, that the indictment against him was not authenticated, and that he believes evidence was withheld by the prosecution. Each of these grounds challenges the legality of his conviction and sentence and thus must be brought in a habeas petition.[1] *See Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.") They are not properly brought in a motion under section 3582. Moreover, these allegations do not constitute "extraordinary and compelling reasons" to grant a reduction in sentence.

      Finally, Defendant's final Motion is a Motion to have two Assistant United States Attorneys assigned to this action "disqualified of [sic] their governmental office as public officials." (ECF No. 113.) Even if Defendant had presented valid grounds for

---

[1] The Court notes that Defendant has an active Habeas Petition under 28 U.S.C. § 2241, which, pursuant to the Local Rules in this District, has been assigned to a Magistrate Judge. *See Iagounov v. Federal Bureau of Prisons*, 2:25-cv-01436-AC. This order has no effect on the habeas action.

disqualification of these individuals (which he has not), this request is well beyond the jurisdiction of this Court in this action.

In accordance with the above, IT IS HEREBY ORDERED that Defendant's Motions (ECF Nos. 112, 113, 114) are DENIED.

IT IS SO ORDERED.

Dated: **September 24, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE