# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

FILED
DEC - 4 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
  DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA (Plaintiff) | Case No. 2:24-cr-00101-DJC |
| v. | MOTION TO DISMISS/ INCOMPLETE DISCOVERY AND ERROR IN GRAND JURY PROCEEDING |
| ANTON A. IAGOUNOV (Defendant) | |

## UNTIMELY MOTION TO DISMISS

Defendant, acting "Pro Se," submits this untimely motion as per **Fed. R. Crim. P. Rule 45 (b) (1) (B)**, allowing extensions for time barred (expired) motions due to **"excusable neglect,"** in conjunction to **Rule 12 (c) (3)** which permits the court in considering untimely motions where there is "good cause," affirming as follows;

### I. Extending Time Due to "Excusable Neglect"

**Good cause after time expires per Rule 45 (b) (1) (B)**

Defendant asks the court grant an exception to this untimely motion in accordance with **Rule 45 (b) Extending Time. (1)** *"In General. When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made...* **(B)** *after the time expires if the party failed to act because of excusable neglect."*

The 9th Circuit Court has opined that *"The district court has discretion to set a pretrial motion's*

*deadline and <u>may extend that deadline after it expires</u> upon a showing of **good cause or excusable neglect**.*" United States v. Lattimore, 9th Cir. (2025).

### U.S. Attorney's Office threatened physical harm to Federal Public Defender

Defendant's first court appointed Federal Public Defender "Christina Sinha" withdrew from counsel citing a "conflict-of-interest" after signaling she had received threats of physical harm if she continued to represent Defendant as counsel, thus, was replaced by "Michael Heumann" Attorney at Law.

### U.S. Attorney's Office conspired with "Michael Heumann"

Because replacement counsel "Michael Huemann" is related to U.S. Assistant Attorney "James Robert Conolly," with whom "Michael Huemann" conspired in deliberately sabotaging any likelihood of a favorable courtroom outcome for the Defendant, and discouraged Defendant from pursuing his right to a discovery when "Michael Heumann" was asked by Defendant to obtain a "classified discovery" under the Classified Information Procedures Act (CIPA), stating in response "*I don't want to piss off the prosecutor,*" it is safe to assume Defendant failed to act sooner due to "***excusable neglect.***"

## II. Considering Pre-Trial Motions Post-Conviction

### Considerations in "good cause" pursuant to Rule 12 (c) (3)

Under this rule, "*If a party <u>does not meet the deadline</u> for making a Rule 12 (b) (3) motion, the motion is untimely.*" However, "*a <u>court may consider</u> the defense, objection, or <u>**request if the party shows good cause,**</u>*" particularly when there is a "*defect in instituting the prosecution*" (**Fed. R. Crim. P. Rule 12 (b) (3) (A) "a defect in instituting the prosecution...."**).

### Error in Grand Jury Proceeding

Pursuant to <u>Fed. R. Crim. P. Rule 12 (b) (3) (A) (v)</u>, "*an error in the grand-jury proceeding or*

*preliminary hearing"* is <u>reasonable grounds</u> for an <u>untimely motion</u> which may be considered by the court under <u>Rule 12 (c) (3)</u>.

"Secret" proceedings are illegal, as such has been upheld by the U.S. Supreme Court, stating *"the court <u>has no power</u> to suppress, edit, or <u>censor events which transpire in proceedings before it</u>."* Estes v. Texas, 381 U.S. 532 S. Ct (1965). It is an undisputed fact that the U.S. Attorney's Office and U.S. District Court held "secret" proceedings regarding the Defendant prior to, and after, the Grand Jury indictment.

Not only were the Grand Jury proceedings withheld from Defendant, but the U.S. District Court and U.S. Attorney's Office went as far as holding "secret" court hearings outside of the Defendant's presence, all of which goes against the legality and tradition upon which the United States of America' criminal justice system was founded.

As it has been ruled by the U.S. Supreme Court *"there is not a special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, <u>to suppress, edit, or censor events which transpire in proceedings before it.</u>"* Craig v. Harney, 331 U.S. 367, 374 (1947).

Moreover, based on Defendant's independent research and findings, the U.S. Attorney's Office returned a fraudulent Grand Jury indictment which was never unanimously confirmed by the Grand Jury, hence, making all following court proceedings illegitimate, as Defendant was never "formally charged."

### Incomplete Discovery

<u>Fed. R. Crim. P. Rule 12 (b) (3) (E)</u> "<u>discovery under Rule 16</u>" is permissible grounds for an untimely motion under <u>Rule 12 (c) (3)</u>. <u>Fed. R. Crim. P. Rule 16 (d) (1)</u> "...<u>Modifying Orders</u>" also makes exceptions to any untimely motions filed where "good cause" exists, setting forth that *"<u>At any time</u> the court may, for <u>good cause</u>...grant other appropriate relief."*

More recent, Defendant obtained discovery previously withheld by the U.S. Attorney's Office for the Eastern District of California showing Defendant was denied access to a complete discovery by the U.S. Attorney's Office for the Eastern District of California, as the discovery was incomplete. Presently, Defendant is awaiting trial on the basis of a federal Grand Jury indictment in the District of Nevada for the same "criminal complaint" Defendant had already been indicted for in the Eastern District of California.

Defendant's current discovery proves the U.S. Attorney's Office for the Eastern District of California had knowingly withheld evidence from Defendant, in violation of Brady v. Maryland, after being ordered by U.S. Magistrate Judge "Chi Soo Kim" to fully disclose "all evidence," even that which is "irrelevant" but could "lead to the discovery of relevant evidence."

### III. Closing

Defendant was never "formally charged," thus, cannot be convicted as there is no record showing formal criminal charges against the Defendant. Because existing records show no unanimous agreement was reached by the Grand Jury to suggest sufficient "probable cause" in formally charging the Defendant, all following court proceedings, including trial by jury, were without jurisdiction.

With the aforementioned, and as described under **Rule 12 (c) (3)** of the **Fed. R. Crim. P.** allowing untimely motions, in conjunction to **Rule 45 (b) (1) (B)** which permits time extensions to untimely motions on grounds of **"excusable neglect,"** it is hereby requested that all criminal charges against Defendant are dismissed, or his unlawfully imposed sentence be vacated, and he be released from federal custody without any further delay.

Respectfully,

DATE: 11/27/2025

Anton Andreyevich Iagounov
(Defendant)

NSDC
Anton Iagounov
#13527506
2190 E. Mesquite Ave.
Pahrump, NV 89060